Dawley agt. Brown.

. SUPREME COURT

JAMES J. W. DAWLEY, agt. JOHN P. BROWN.

SAME agt. GEORGE D. FOX.

Where an order of *restoration* at special term, is made, after setting aside judgment of dispossession obtained by the plaintiff—the plaintiff being in lawful possession of the premises, it is irregular to include in such order of restoration granted to the defendant, an *injunction clause* restraining the plaintiff from entering into or interfering with the possession of the premises and restraining him from cultivating or otherwise using the premises. When restored to possession, the remedy of the defendant would probably be by action for any illegal entry or injury done the premises by the plaintiff *(See S. C., ante, page 17).*

*Fourth Judicial Department, Buffalo, January,* 1872. *Before* MULLIN, *P. J.,* JOHNSON *and* TALCOTT, *JJ.*

*By the court,* MULLIN, *P. J.*—In addition to the facts stated in the statement of facts preceding the opinion in the other appeals between the same parties, argued at the June term, it is proper to refer to a few others, in order the better to appreciate the grounds for reversing the ordears appealed from.

On the 15th April, 1871, the special term made an order, that plaintiff desist and refrain from entering into or interfering with the possession of the premises in controversy, and from cultivating or working said premises, and that he show cause on the last Monday of April, before the Ontario special term, why possession should not be restored to the defendant, and why the order above mentioned should not be continued until the final decision of the action.

This order was personally served.

Subsequently, and on the 18th of April, the plaintiff was seen plowing on the premises in dispute.    Thereupon Justice J. C. SMITH, made an order, that plaintiff show cause on the 25th April, at the Ontario special term, why he should not be punished for a contempt for violating the order by plowing said premises.

On the 25th day of April, the plaintiff appeared and showed cause in pursuance of said order, and the special term decided that the plaintiff had been guilty of contempt in plowing said premises in violation of said order, and ordered that an attachment issue against said plaintiff, to the end that he might be punished for such contempt.

An attachment was accordingly issued, plaintiff was arrested thereon, and the 4th May, 1871, the said plaintiff appeared before the special term in Ontario county, and the said court referred it to a referee to ascertain and report the amount of costs and expenses incurred by defendant in the porceedings for contempt.    The referee reported the amount, and on the 10th day of May, the said court made an order, that the plaintiff pay to the defendant the sum so ascertained, which sum was fixed as the fine imposed on the plaintiff, as punishment for the contempt aforesaid, and that he stand committed until said sum is paid.

From these orders the plaintiff appeals.

The plaintiff having been put into possession by virtue of an execution issued on the judgment adjudging him entitled to the possession of the premises in question, was lawfully in possession.

That possession commenced on the 7th April.    On the 15th of that month, when the first order to show cause was made and enjoining plaintiff from entering into possession, he was in the peaceable and lawful possession of the said premises.

The order so far as it attempted to restrain him from entering, was a nullity.

The only relief to which the defendant was entitled, was

to have the default opened, the judgment set aside, and restoration to the possession.

The judgments were set aside, on the 8th April, upon compliance with a condition. When the condition was actually complied with, we do not know, but it must have been before the order of the 15th was made.

The judgments being set aside, there was nothing to justify the issuing of a writ of restitution. If the defendant was to be restored, it must be by order. I find no authority for embracing in such order a provision restraining the plaintiff from cultivating, nor otherwise using the premises. When restored to possession, I suppose the defendant might maintain an action against the plaintiff, not only for the illegal entry, but for any injury done to the premises while in possession.

If the order was intended to operate as an injunction, the provisions of the Code, as to security, &c., must be complied with, and if not complied with, it would be irregular.

But mere irregularity would not excuse a violation of it by the party enjoined.

The parties enjoined in these cases was the plaintiff. The Code does not authorize an injunction in favor of the defendant against the plaintiff. It can only issue in favor of a plaintiff (*Code,* § 219, *Springsteen* agt. *Powers,* 4 *Robt.,* 624).

If a defendant desires to restrain the plaintiff, he must commence a cross-action.

The court having no power to issue an injunction, it is utterly void, and the party enjoined cannot be held liable for contempt in disobeying it (*People* agt. *Sturtevant,* 3 *Seld.,* 266).

This objection is fatal to the order appealed from, and it is, therefore, unnecessary to consider the other questions discussed by counsel.

The orders of the special term must be reversed, with $10 costs.